UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HASSAN JAGNE,

      Plaintiff,

v.

WARDEN, ALLIGATOR
ALCATRAZ,  U.S. ATTORNEY
GENERAL,

      Defendants.

Case No. 2:26-cv-734-KCD-NPM

/

## **ORDER**

Petitioner Hassan Jagne moves the Court to reconsider its prior decision denying his habeas corpus petition. (Doc. 17.) He argues the Court committed clear error by treating the six-month presumptively reasonable period under *Zadvydas* as irrebuttable, misconstruing his procedural due process arguments, and declining to hold an evidentiary hearing regarding his informal interview. (*Id.*)

A motion for reconsideration is an extraordinary remedy. It is generally appropriate only where the movant demonstrates a need to correct a clear error of law or fact, to prevent manifest injustice, or to present newly discovered evidence. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). It is not a vehicle to relitigate previously decided issues, present arguments that could have been raised earlier, or merely

express disagreement with a court's ruling. The burden remains firmly on the moving party to demonstrate that altering the prior judgment is legally compelled. *Id.*

Jagne fails to meet this burden. His motion primarily attempts to rehash arguments already considered and rejected. The Court previously determined that Jange's detention falls within the presumptively reasonable six-month window established by *Zadvydas v. Davis*, 533 U.S. 678 (2001), making his constitutional claims regarding prolonged detention premature. The Court also explicitly rejected his request to aggregate prior periods of detention because the record lacked evidence of bad faith or a deliberate strategy of looping confinement by the Government. Jagne's disagreement with this legal conclusion does not constitute clear error.

Jagne's assertion that the Court misconstrued his regulatory and due process claims similarly falls short. He argues that 8 C.F.R. § 241.13 requires the Government to establish changed circumstances before revoking an order of supervision, and that failing to do so constitutes an independent due process violation. However, the Court already addressed the revocation of his release and found that returning him to custody to effectuate an uncontested final removal order served a legitimate government objective. In any event, the Court disagrees with the premise of Jange's legal argument. *See Tran v.*

*Warden, Fla. Soft Side S. Det. Ctr.*, No. 2:25-CV-1224-KCD-NPM, 2026 WL 672969, at *8 (M.D. Fla. Mar. 10, 2026).

Finally, Jagne requests an evidentiary hearing to dispute the Government's representation that an informal interview occurred, or, alternatively, the opportunity to file a reply brief. However, he has not submitted anything to suggest that an evidentiary hearing is actually warranted. To convene an evidentiary hearing, the Court needs a genuine dispute of material fact, not simply a request for a hearing. Because Jagne has failed to provide any evidence—such as a sworn affidavit—to contradict the Government's record, there are no disputed facts for the Court to resolve. Furthermore, a motion for reconsideration is not the proper mechanism to request supplemental briefing after an order has already issued. If Jagne believed a reply was necessary to address the Government's response, he should have requested leave to file one prior to the Court's ruling. He had time to do so, but did nothing. Because Jagne has not identified a clear error, presented newly discovered evidence, or demonstrated manifest injustice, his motion lacks merit. Accordingly, the Motion to Reconsider (Doc. 17) is **DENIED**.

**ORDERED** in Fort Myers, Florida on May 18, 2026.

Kyle C. Dudek
United States District Judge